UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIMBERLY ANN WOOD,

                        Plaintiff,          17-CV-6799

             v.                                  **DECISION**
                                                     **and ORDER**
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

_____

## INTRODUCTION

Plaintiff Kimberly Ann Wood ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner"), denying her applications for Disability Insurance Benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule- 12(c) of the Federal Rules of Civil Procedure. Dkt. ##8, 10.

## BACKGROUND

**A.    Procedural History**

On October 20, 2014, Plaintiff filed an application for DIB alleging disability beginning September 10, 2014, due to fibromyalgia, autoimmune disorder, lupus, high blood pressure, iron deficiency anemia, headaches, arthritis (back and hip), and hives.

T. 77, 160-166.[1] Her application was initially denied. T. 87-92. Plaintiff appeared at a hearing, with counsel, before Administrative Law Judge ("ALJ") Lisa Martin, T. 48-75, after which the ALJ found Plaintiff not disabled. T. 29-42. The Appeals Council denied review on September 20, 2017, making the ALJ's determination the final decision of the Commissioner. T. 1-6. This action followed. Dkt. #1.

The issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence and free of legal error. See Pl. Mem. (Dkt. #8-1) 7-9; Comm'r Mem. (Dkt. #10-1) 11-13.

**B. The ALJ's Decision**

In applying the familiar five-step sequential analysis, as contained in the administrative regulations promulgated by the Social Security Administration ("SSA"), see 20 C.F.R. §§ 404.1520, 416.920; Lynch v. Astrue, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps), the ALJ found: (1) Plaintiff did not engage in substantial gainful activity since September 10, 2014; (2) she had the severe impairments of lumbar spine disorder, fibromyalgia, unspecified autoimmune disorder, hypertension, headaches, obesity, depression, and anxiety; (3) her impairments did not meet or equal the Listings set forth at 20 C.F.R. § 404, Subpt. P, Appx. 1. The ALJ found that Plaintiff

---

[1] Citations to "T.__" refer to the pages of the administrative transcript. Dkt. #5.

-2-

retained the residual functional capacity ("RFC") to perform a full range of sedentary work with multiple restrictions, discussed in further detail herein; (4) Plaintiff was unable to perform her past relevant work as a respiratory therapist; and (5) considering Plaintiff's age, education, work experience, and RFC, she could perform the jobs of document preparer and printed circuit board screener. T. 34-41.

## DISCUSSION

### A. Scope of Review

A federal court should set aside an ALJ decision to deny disability benefits only where it is based on legal error or is not supported by substantial evidence. Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) (internal quotation marks omitted).

### B. The RFC Determination was Supported by Substantial Evidence.

Plaintiff argues that remand is required because the ALJ's RFC determination was the product of her own lay judgement and inconsistent with the opinion evidence. Pl. Mem. 7.

At the time of the administrative hearing, Plaintiff was 46 years old. She was previously employed as a receptionist and respiratory therapist. T. 52, 207. Plaintiff's medical history

includes complaints of fatigue, weakness, and back pain, forming the basis of her DIB application.

Here, the ALJ found that Plaintiff was limited to sedentary, unskilled work,[2] with the following limitations:

> Occasionally lift and/or carry 10 pounds; frequently lift and/or carry less than 10 pounds; stand and/or walk at least two hours in an eight hour workday; sit about six hours in an eight hour workday; occasionally push and/or pull 10 pounds; occasionally climb ramps and/or stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders/ropes/scaffolds; frequently finger bilaterally; understand, remember, and carry out simple instructions and tasks; occasionally interact with co-workers and supervisors; occasional contact with the general public; able to work in a low stress work environment (i.e. no supervisory duties, no independent decision-making required, no strict production quotas, minimal changes in work routine and processes, etc.); and able to consistently maintain concentration and focus for up to two hours at a time.

T. 76.

The Second Circuit has upheld RFC determinations despite a lack of supportive functional assessment, based on other evidence, such as clinical findings, daily activities, and doctors' comments falling short of a medical source statement on functionality. See Wright v. Berryhill, 687 Fed. Appx. 45, 2017 WL 1379389, at 2 (2d Cir. Apr. 14, 2017)(clinical findings from a treating and a consultative physician were substantial evidence for physical RFC);

---

[2] Sedentary is the least physically demanding category recognized by the regulations, while unskilled is the least mentally demanding. See 20 C.F.R. §§ 404.1567; 404.1568.

-4-

Monroe v. Comm'r of Soc. Sec., 676 Fed. Appx. 5, 7 (2d Cir. Jan. 8, 2017) (plaintiff's contemporaneous treatment notes, including many normal mental status findings, and his extensive activities constituted substantial evidence for the RFC); Johnson v. Colvin, 69 Fed. Appx. 44, 47 (2d Cir. Sept. 29, 2016)(among other things, a claimant's testimony regarding activities and a doctor's statement that his condition had improved constituted substantial evidence for RFC).

The record evidence shows that Plaintiff was treated for fibromyalgia. On occasion she demonstrated some tender points, while on other exams did not exhibit any. T. 398, 551, 565. Clinical findings included limited range of motion in her back and tenderness throughout. T. 491. In June 2016, Plaintiff's rheumatologist noted her tests were not indicative of an autoimmune disease, but were consistent with fibromyalgia T. 565. Other clinical examinations showed no acute distress, full muscle strength and tone, with full range of motion and normal neurological and sensory exams. T. 550, 461-76.

The ALJ further noted that despite Plaintiff's allegations of symptoms of Reynaud's syndrome, there was no diagnosis from an acceptable medical source in the record. T. 38. Sensation deficits were not present in the treatment notes, and a brain MRI was unremarkable. Id. Plaintiff's autoimmune diagnosis was based off of

positive ANA tests,[3] but her rheumatologist, whom she saw only twice in two years, did not offer a conclusive diagnosis. Id.

With respect to her alleged mental limitations, Plaintiff sought therapy on three occasions, but her mental status examination findings were generally normally at all times outside of occasional sad and tearful affect and demeanor. T. 343, 543, 638. In June 2016, Plaintiff reported she was doing well overall and her counselor noted Plaintiff was emotionally and physically stable. T. 543. Citing this evidence, the ALJ accordingly found Plaintiff's stress and coping problems "non-severe," but that mental limitations in the RFC accounted for Plaintiff's use of narcotic pain medication causing distractions. T. 39-40.

In summary, other substantial evidence supported the ALJ's RFC, including the clinical examination findings, Plaintiff's conservative treatment, lack of consistent mental health treatment, stopping her medication for fibromyalgia because she was feeling better, and her activities. See Tankisi v. Comm'r of Soc. Sec., 521 Fed. Appx. 34 (2d Cir. 2013) (where "the record contains sufficient evidence from which an ALJ can assess . . . residual functional capacity," a medical source statement or formal medical opinion is not necessarily required). Given how restrictive the ALJ's RFC was,

---

[3] A positive ANA finding means that antinuclear antibodies are present in the blood, but does not necessarily indicate the presence of an autoimmune disease. *See* https://medlineplus.gov/lab-tests/ana-antinuclear-antibody-test/ (last accessed 05/17/2019).

the mere existence of some symptoms or positive findings does not undermine it, and it is Plaintiff's burden to provide evidence proving disability. See 20 C.F.R. §§ 404.1512(a), 416.912(a).

Plaintiff also argues that the ALJ rejected the only opinion from a treating "other source" and her reasoning for doing so was vague. Pl. Mem. 8-9. Simply put, Plaintiff is incorrect.

The ALJ evaluated two opinions from treating FNP Kimberly Betker, giving each one partial weight. T. 39-40.

In March, 2014, Ms. Betker opined that Plaintiff's pain medications would prevent her from being "on call" and driving, as required for her past work in the medical field. The ALJ partially rejected this opinion as "general" with no function-by-function analysis, but explained that the RFC included mental limitations which would account for Plaintiff's use of narcotic pain medication causing distractions. T. 39.

The ALJ then explained that Ms. Betker's May, 2016 opinion that Plaintiff needed to change positions every 15 minutes was inconsistent with Plaintiff's demonstrated ability during the hearing. T. 39, 50-74, 489. The ALJ found, however, that the sedentary lifting and carrying restrictions assessed by Ms. Betker were generally consistent with the nature, degree and frequency of Plaintiff's fibromyalgia symptoms, as complicated by her obesity. T. 40.

Neither of these explanations were vague, as Plaintiff asserts, nor were they outright rejections of Ms. Betker's

opinions. As an "other source[,]" a nurse practitioner's opinions are entitled to some weight, but, as the Second Circuit has held, "the ALJ has discretion to determine the appropriate weight to accord the [other source's] opinion based on all the evidence before him; under no circumstances can the regulations be read to require the ALJ to give controlling weight to [an other source's] opinion." Diaz v. Shalala, 59 F.3d 307, 313-14 (2d Cir. 1995); see Social Security Ruling 06-3p, 2006 WL 2329939, at *5 (S.S.A. Aug. 9, 2006) ("The evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts of each case. Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all of the evidence in that particular case.").[4] Thus, the ALJ did not err in assigning these opinions partial weight.

Here, the ALJ undertook the correct legal analysis and her RFC finding accounted for the greatest degree of exertional and non-exertional limitations supported by the evidence of record. Likewise, she did not improperly rely on her own lay judgment in determining the RFC. Pl. Mem. 8. See Johnson, 669 Fed. Appx. at 46 ("because the record contained sufficient other evidence [besides a brief letter from plaintiff's physician] supporting the ALJ's

---

[4] Under the regulations in place at the time of the ALJ's decision, nurse practitioners were not acceptable medical sources. See 20 C.F.R. §§ 404.1502, 404.1513(a), (d) (2016) (defining acceptable medical source and other sources).

-8-

determination and because the ALJ weighed all of that evidence when making his [RFC] finding, there was no gap in the record and the ALJ did not rely on his own lay opinion") (internal quotation omitted).

For all of these reasons the Court finds that the ALJ's decision is supported by substantial evidence and free of legal error.

## **CONCLUSION**

For the reasons discussed above, Plaintiff's motion for judgment on the pleadings (Dkt. #8) is denied and the Commissioner's motion (Dkt. #10) is granted. The Clerk of the Court is directed to enter judgment in accordance with this Decision and Order.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
May 19, 2019